# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

June 24, 2020

LETTER TO COUNSEL

      RE:    *Virginia T. v. Saul*
               Civil No. DLB-19-2354

Dear Counsel:

On August 15, 2019, Plaintiff Virginia T. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 13 ("Pl.'s Mot."), 14 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on October 30, 2015, alleging an onset date of April 22, 2013. Administrative Transcript ("Tr.") 250, 258. Her claims were denied initially and on reconsideration. Tr. 145-52, 155-58. A hearing was held on June 20, 2018, before an Administrative Law Judge ("ALJ"). Tr. 33-73. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-19. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "moderate bilateral hearing loss, foot degenerative joint disease, degenerative disc disease, and left shoulder tendonitis." Tr. 13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) where the claimant lifts or carries 50 pounds occasionally and 25 pounds frequently, stands or walks for six of eight hours during the workday, and sits for six of eight hours

during the workday.  The claimant can have no public contact [at] work because of hearing difficulties.

Tr. 15.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a "cashier II," but that she could perform other jobs existing in significant numbers in the national economy.  Tr. 17-18.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 18-19.

Plaintiff makes one primary argument on appeal: that the ALJ failed to properly evaluate the medical opinion evidence.  Pl.'s Mot. 3-15.  Specifically, Plaintiff argues that the ALJ mischaracterized the opinion evidence and "rejected every specific work-related limitation opined by every medical physician" without "good reasons."  *Id.* at 4.  Plaintiff also challenges the ALJ's evaluation of her activities of daily living.  *Id.* at 15-17.  Plaintiff's argument lacks merit for the reasons discussed below.

<u>The ALJ properly evaluated the medical opinion evidence of record</u>

Plaintiff first challenges the ALJ's treatment of Dr. Farhad Jamali's medical opinion.  Pl.'s Mot. 5.  Plaintiff argues that the ALJ should have given Dr. Jamali's opinion more weight under the regulations because Dr. Jamali was her treating physician, and that the ALJ failed to provide the requisite "good reasons" for rejecting his opinion.  Pl.'s Mot. 7-14 (citing 20 C.F.R. § 404.1527 and Social Security Ruling ("SSR") 96-2p).

Under 20 C.F.R. § 404.1527(c),[1] an ALJ will give "controlling weight" to "a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s)" if he finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  The regulations require that an ALJ "give good reasons . . . for the weight [he] give[s] [a claimant's] treating source's medical opinion."  *Id.*  An ALJ will consider the length and nature of the treatment relationship.  *Id.* 404.1527(c)(2)(i)-(ii).  An ALJ will also consider whether the opinion is supported, "particularly [by] medical signs and laboratory findings"; whether the opinion is consistent with the record as a whole; whether the opinion is "related to his or her area of specialty"; and any other relevant factors.  *Id.* 404.1527(c)(3)-(6).

The ALJ discussed Dr. Jamali's opinion twice in the decision.  At step two, the ALJ discussed Dr. Jamali's opinion that Plaintiff had significant mental limitations:

As for the mental opinion evidence, the state psychological consultants found that the claimant was limited to unskilled work with limited social interactions.  Dr. Farhad Jamali M.D. found moderate mental limitations, the claimant will be off

---

[1] 20 C.F.R. § 404.1527 applies to claims filed before March 27, 2017.  It was replaced by § 404.1527c for claims filed on or after March 27, 2017.  Plaintiff's claim was filed in 2015.

> task more than 25 percent of the day, and the claimant will be absent more than four days per month. However, their opinions are contradicted by the conservative mental health treatment in the record that did not include counseling, therapy, or psychiatry treatment. Their opinions are contradicted by evidence the claimant was pleasant, cooperative, and had normal memory. Therefore, their opinions are granted little weight.

Tr. 14 (internal citations removed). In the RFC discussion, the ALJ discussed Dr. Jamali's opinion that Plaintiff was significantly limited by both mental and physical impairments:

> Dr. Farhad Jamali M.D. found that the claimant can lift up to 20 pounds, can sit one hour, stand or walk one hour, is limited in reaching, fingering, handling, pushing, pulling, using foot controls, postural activities, will be absent more than four days per month, and will be off task more than 25 percent of the time. However, this opinion is contradicted by testing that showed full strength and a normal gait. This opinion is contradicted by lumbar and shoulder scans that showed only minor abnormalities. Therefore, this opinion is granted little weight.

Tr. 17 (internal citations removed).

Plaintiff concedes that the ALJ appropriately did not give Dr. Jamali's opinion "controlling weight" but argues that the ALJ inappropriately did not consider whether Dr. Jamali's opinion as her treating physician was entitled to "greater weight" under the 20 C.F.R. § 404.1527 factors because "perfect consistency is not required." *Id.* Plaintiff further argues that Dr. Jamali's opinion is "not inconsistent" with his treatment records and other evidence in the record. *Id.* at 8-9.

SSR 96-2p[2] explains that "a well-supported treating source medical opinion need not be supported directly by all of the other evidence . . . as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." SSR 96-2P (S.S.A.), 1996 WL 374188, at *3; *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by the clinical evidence or if it [was] inconsistent with other substantial evidence, it should be accorded significantly less weight."). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 Fed. App'x 264, 267 (4th Cir. 2015) (citations omitted).

Here, the ALJ explained that there was evidence in the record that contradicted and conflicted with Dr. Jamali's opinion. Tr. 17. The ALJ cited to a March 23, 2016 report that

---

[2] SSR 96-2p was rescinded on March 27, 2017, but the rescission was only "effective for claims filed on or after March 27, 2017." Rescission of Soc. Sec. Rulings 96-2p, 96-5p, & 06-3p, 82 Fed. Reg. 15263-01.

showed "full strength and a normal gait," which contradicted his physical impairment findings. *Id.* (citing Tr. 491-96); *see* Tr. 492 (noting, among other findings, a "[f]ull range of motion"; "[n]ormal gait and station"; "[n]o limp"; "[w]eight bearing status: [f]ull bilaterally"; and that Plaintiff was "able to come up on her heels and toes without difficulty" and "demonstrated an erect and functional posture [with] [n]o ambulatory aid required"); Tr. 493 (noting that "[t]here were some signs of mild deconditioning, but there were no balance or static strength issues"). The ALJ also cited to records that "showed only minor abnormalities" in her lumbar and shoulder, which was inconsistent with Dr. Jamali's opinion that she was limited in reaching, fingering, handling, pushing, and pulling. Tr. 17; *see, e.g.*, Tr. 601 (noting "MRI consistent with [shoulder] tendonitis, which has been improving over time"). Plaintiff has not shown that the ALJ's discussion of Dr. Jamali's opinion or the record was erroneous, and the Court finds no error in the ALJ's assignment of weight.[3]

Plaintiff also challenges the ALJ's treatment of the State agency consultants' opinions and argues that they do not support a limitation to a full range of medium work.[4] Pl.'s Mot. 14-15. She asserts that the State agency consultants opined that she could only lift and/or carry 25 pounds occasionally and 10 pounds frequently, which is inconsistent with being able to perform a full range of medium work. *Id.* She is correct that one State agency consultant offered that opinion. *See* Tr. 94-95. However, a different consultant on reconsideration opined that Plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently, which is consistent with being able to perform a full range of medium work. *See* Tr. 117. Thus, although the ALJ mistakenly stated that both State agency consultants opined that Plaintiff could "perform medium work, with limited hearing, and limited postural activities," Tr. 16, the error was harmless. Moreover, the ALJ gave the State agency consultants' opinions only "some" weight because the record did not support their opinions that Plaintiff was limited by postural activities.[5] Tr. 17. In any event, the ALJ was not required to adopt the opinions of the State agency consultants. *See, e.g.*, *Brooks v. Comm'r, Soc.*

---

[3] In her conclusion, Plaintiff suggests that the ALJ should have contacted Dr. Jamali if his rejection of Dr. Jamali's opinion was based on dissatisfaction or reservation about adopting it. Pl.'s Mot. 18. As the Commissioner points out, an ALJ is only required to seek additional evidence, such as contacting a medical provider, when there is insufficient evidence to make a disability determination. Def.'s Mot. 10 (citing 20 C.F.R. §§ 404.1520b(b)(2), 416.920b(b)(2)). Plaintiff does not argue that the record contained insufficient evidence, and as discussed above, the ALJ did not err in his evaluation of the medical opinion evidence.

[4] The regulations define "medium" work as "involve[ing] lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). "Light" work generally "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* § 404.1567(b).

[5] Both State agency consultants responded "yes" to the question: "Does the individual have postural limitations?" Tr. 95, 117. When asked to "Rate the individual's postural limitations," they both answered that Plaintiff could "Frequently" perform the complete list of postural activities on the form: "Climbing ramps/stairs," "Climbing ladders/ropes/scaffolds," "Balancing," "Stooping (i.e. bending at the waist)," "Kneeling," "Crouching (i.e. bending at the knees)," and "Crawling." Tr. 95, 117-18.

*Virginia T. v. Saul*
Civil No. DLB-19-2354
June 24, 2020
Page 5

*Sec. Admin.*, Civil No. SAG-10-2178, 2013 WL 150008, at *1 (D. Md. Jan. 10, 2013) ("[A]n ALJ need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC. Instead, an ALJ is required to consider 'all of the relevant medical and other evidence.'").

Plaintiff argues that the ALJ was required to consult a VE because her assessed RFC fell between two exertional levels. Pl.'s Mot. 15. This undeveloped argument is rejected. The ALJ did consult a VE. Tr. 59-70. Plaintiff identifies no error in the questioning of the VE.

<u>The ALJ appropriately considered Plaintiff's activities of daily living</u>

Lastly, Plaintiff argues that the ALJ erroneously relied on her activities of daily living to support his finding that she could perform work at the medium exertion level. Pl.'s Mot. 15-17. Implicit in Plaintiff's argument is the suggestion that the ALJ based his conclusion that her impairments were not disabling solely on her activities of daily living. *See id.* This is not so. Her activities of daily living were one of several factors considered by the ALJ. He cited to her work history, medical testing that "showed the claimant had full strength and a normal gait," test results that "showed minor degenerative changes," "shoulder imaging [that] showed only mild tendinosis," and "conservative psychological treatment" in addition to her ability to perform activities of daily living, which included "watch[ing] television, tak[ing] care of personal hygiene, shop[ping] for groceries, and do[ing] laundry." Tr. 16; *see also* Tr. 14 (noting Plaintiff's ability to care for her pets, vacuum, and shop). An ALJ is charged with considering all relevant factors when evaluating a Plaintiff's symptoms. *See* 20 C.F.R. §§ 404.1529(c)(2)-(3), 416.929(c)(2)-(3) (explaining that an ALJ will consider objective medical evidence as well as other evidence, including a claimant's "daily activities"; the "location, duration, frequency, and intensity of [her] pain or other symptoms"; and medication and non-medication treatment). The ALJ did so here.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the record, I find that the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence and that the ALJ applied the correct legal standards.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 14, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

*Virginia T. v. Saul*
Civil No. DLB-19-2354
June 24, 2020
Page 6


       Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.


                Sincerely yours,


                   /s/


                Deborah L. Boardman
                United States Magistrate Judge